IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1995 SESSION



FILED

July 5, 1996

Cecil W. Crowson
Appellate Court Clerk

|  |  |
|---|---|
| ) | No. 01-C-01-9505-CR-00135 |
| ) |  |
| IN RE: PETITION OF DANNY ) | Sumner County |
| BLANKENSHIP BONDING COMPANY ) |  |
| ) | Jane W. Wheatcraft, Judge |
| ) |  |
| ) | (Application to Write Bail Bonds) |

FOR THE APPELLANT:

Matt Q. Bastian
Attorney at Law
505 Main Street, East
Hendersonville, TN 37075

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Darian B. Taylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General
113 Main Street, East
Gallatin, TN 37066

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Danny A. Blankenship, doing business as Danny Blankenship Bonding Company, sought permission from the trial court to write bail bonds in Sumner County. The proposed resident representative of the company in Sumner County was the appellant, Glen M. Davis. In the event Davis was not available to write a bond, the proposed substitute was Richard L. Gregory, an employee of the bonding company and also an appellant in this case. The trial court denied the application because Blankenship did not possess sufficient personal assets to support his company's writing of bail bonds in the general sessions and criminal courts of Sumner County. The appellants appeal as of right from this judgment. Since the evidence supports the findings made by the trial court, the judgment is affirmed.

The standard of review in these cases is <u>de novo</u>. Tenn. Code Ann. § 40-11-125(d). Usually, the findings of fact made by the trial court are presumed to be correct unless the evidence contained in the record preponderates against these findings. When, as here, the findings of fact made by the trial court are based exclusively upon written records, the presumption of correctness does not apply. This Court, like the trial court, can analyze the records and reach its own conclusions since the trial court was not required to view the manner and demeanor of the witnesses and assess each witness's credibility.

The trial court conducted an evidentiary hearing. When the hearing was concluded, the trial court found that the evidence was "adequate to allow the petition to be granted." However, the court wanted additional information concerning Blankenship and Gregory. He required that they furnish a certificate from the State of Tennessee that the surety company had complied with the laws of Tennessee and was authorized to do business in Tennessee. Blankenship and Gregory were required to obtain certificates from the trial court and the clerk in the respective judicial districts where they lived and wrote bonds stating that they did not have criminal records, there were no outstanding civil judgments against them, and a recommendation as to their respective characters. The judge also required Blankenship to provide a financial statement and a list of all outstanding bonds that were written by the company.

1

Blankenship and Gregory complied with the requirements mandated by the trial court. The record reflects that the surety company was authorized to do business in Tennessee. The surety company furnished each person, Blankenship, Gregory, and Davis, with a bond power of $100,000 for the writing of bail bonds in Sumner County. Both Blankenship and Gregory furnished the requisite certificates, which were favorable to them. Blankenship furnished a financial statement documenting a modest net worth. He also furnished two lists, one from each judicial district where his bonding company did business, showing outstanding bail bonds totalling $278,800. The record does not establish the bond powers issued by the surety in these two judicial districts.

This Court agrees that Blankenship's net worth is insufficient to support the writing of bail bonds in another judicial district. Assuming arguendo that the bond power issued by the surety is $100,000 in the judicial district where approximately $226,500 in bail bonds were outstanding, Blankenship's potential personal liability far exceeded his net worth. If permitted to write bail bonds over a period of time in Sumner County, the aggregate amount of the bail bonds may exceed the limit of $100,000. As a result, Blankenship would not be able to satisfy the obligations given his net worth.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOSEPH M. TIPTON, JUDGE